IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WOLFE CYCLE SPORTS, INC., a corporation, | ) ) ) | 4:04CV3301 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM AND ORDER** |
| YAMAHA MOTOR CORPORATION, U.S.A., a corporation, | ) ) ) ) | |
| Defendant. | ) | |

    Yamaha Motor Corporation, U.S.A. (Yamaha) moves to dismiss. (Filing 14.) Among other things, Yamaha argues that Wolfe Cycle Sports, Inc. (Wolfe) failed to obtain proper service of process upon it within six months of the date the complaint was filed in state court. As a result, Yamaha contends that I lack subject matter jurisdiction to consider this case because it was, as a matter of Nebraska law, automatically dismissed prior to its removal. Wolfe has not responded to the motion. Finding that the motion, as it regards the service-of-process issue, should be granted, I will dismiss this case without prejudice.

## *I. Background*

    Wolfe sued Yamaha in the Adams County, Nebraska, District Court on February 17, 2004.[1] Although Wolfe tried to obtain service of process on Yamaha within six months of that date, and although service was attempted no earlier than about August 18, 2004, Yamaha was never properly served while the matter was pending in state

---

[1] Except as otherwise noted, all the facts described in this section are taken from my earlier memorandum and order. (Filing 11.)

court. On September 14, 2004, this case was removed by Yamaha to federal court on the grounds that the citizenship of the parties was diverse. (Filing 1.)

After this case was removed, Yamaha moved to dismiss on various grounds. On January 6, 2005, I denied the motion to dismiss without prejudice, but found that the purported service of process was improper and I gave Wolfe 20 days to properly serve Yamaha. Yamaha admits that it has now been properly served (filing 15, at 1 & n.1), and moves to dismiss asserting various grounds as a basis for dismissal.

## *II. Analysis*

Neb. Rev. Stat. § 25-217 (West 2005) provides: "An action is commenced on the date the complaint is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed." The Nebraska Supreme Court has repeatedly held that (1) Section 25-217 is self-executing and mandatory; and (2) a state court has no subject matter jurisdiction to consider a case after six months have elapsed from the filing of the complaint as to a defendant who has not been properly served with process. See, e.g., Kovar v. Habrock, 622 N.W.2d 688, 691-93 (Neb. 2001) (holding that action stood dismissed under Neb. Rev. Stat. § 25-217 by operation of law on the date six months after the complaint was filed and service not perfected, and thus, subsequent orders finding that notice by publication was sufficient and entering default judgment were null and void); Vopalka v. Abraham, 619 N.W.2d 594, 602 (Neb. 2000) (holding that action was automatically dismissed under Neb. Rev. Stat. § 25-217 despite defendant's voluntary appearance filed after six months had expired). See also Benjamin A. Kahn & William R. Skallerud, Commencement of State Claims in Federal Court: An Eighth Circuit Analysis, 25 Wm. Mitchell L. Rev. 913, 918 & n.31 (1999) (discussing Neb. Rev. Stat. § 25-217, and stating "if service is not perfected within six months of the filing," the action will be dismissed without prejudice).

The question raised by Yamaha's motion may be stated this way:

> Does the admitted failure of Wolfe to properly serve Yamaha within six months of the filing of the complaint in state court as required by state law demand dismissal in federal court where removal to federal court did not take place until *after* the six-month period had elapsed, thus barring the action under state law had the case not been removed?

The answer is "yes."[2] See Marshall v. Warwick, 155 F.3d 1027, 1033 (8th Cir. 1998) (after removal of South Dakota driver's suit against a Minnesota driver to federal court, the district court's dismissal of the action would be affirmed where service of process was not properly effectuated under South Dakota law prior to removal and where the action would have been time-barred had it remained in state court); Eccles v. National Semiconductor Corp., 10 F. Supp. 2d 514, 519-20 (D. Md. 1998) (because state law applies to pre-removal conduct, the failure of the plaintiff to serve process within the time limits established by Maryland law prior to removal required dismissal of the case without prejudice). That said, by the plain terms of Neb. Rev. Stat. § 25-217, the dismissal must be without prejudice.[3]

IT IS ORDERED that the motion to dismiss (filing 14) is granted, and, by a separate document, a judgment of dismissal without prejudice shall be entered in favor of defendant Yamaha and against plaintiff Wolfe.

DATED this 28th day of April, 2005.

BY THE COURT:
*s/Richard G. Kopf*
United States District Judge

---

[2] I express no opinion on any other question.

[3] I express no opinion on Yamaha's claim that the Adams County lawsuit removed to this court is barred on res judicata or collateral estoppel grounds because of an earlier decision in the Lancaster County District Court.